Eifler, Admr., Appellant, *v.* Anderson et al.

548

Argued April 16, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*S. Y. Rossiter,* with him *Bordwell & Eldred* and *I. Reines Skier,* for appellant.

*W. S. Clark,* with him *J. H. Alexander,* of *Alexander & Clark,* for appellee.

OPINION BY RHODES, J., July 10, 1936:

This is an action in trespass instituted by Charles Eifler, individually and as administrator of the estate of Christian Eifler, deceased. This is the proper caption of the case, as no amendment was made in the court below limiting the action to the plaintiff as administrator.

An affidavit of defense raising questions of law was filed by the defendants. This was sustained; and judgment was entered by the court below in favor of the defendants. Plaintiff appealed.

The plaintiff's statement set forth that the plaintiff, Charles Eifler, was a citizen of the state of New York; that he was a brother of the deceased Christian Eifler; that he acted in loco parentis to the deceased during his lifetime, and received support from the deceased; that he had been duly appointed and had qualified as administrator of the estate of Charles Eifler; that the parents of the deceased died prior to the time he was five years of age; that deceased was twenty-seven years of age at the time of his death; that deceased received injuries which caused his death, and which were produced by the negligence and carelessness of the defendants (details thereof are incorporated in the statement of claim).

Plaintiff claimed that he had been damaged by the death of the deceased in the sum of $100,000; and that he had been obliged to pay the funeral expenses of the deceased in the amount of $644.40, medical and hospital services, $26.65, headstone, $350, and costs and expenses of the administration of his estate.

A stipulation was filed to the effect that deceased left neither widow, child, nor parents.

Defendants question the plaintiff's right to recover, under the facts, either as an individual or as administrator.

Plaintiff cannot recover under the facts, and the action of the court below was proper. Plaintiff has no standing to maintain his action, either as an individual or as administrator. He has no right of action by virtue of any present Act of Assembly, and without statutory authority he cannot recover. The principles governing this case are fully stated in our opinion in the case of Potter Title and Trust Company v. Petcoff et al., 122 Pa. Superior Ct. 540, 186 A. 320.

Furthermore, plaintiff brought his action individually and as administrator of the estate of Christian Eifler, deceased. Although on appeal he sought to abandon any claim as an individual and contended that he, as administrator, had a right to recover for funeral, medical, and other expenses, still the record shows no amendment or change that would warrant this position. Such a joinder is improper.

Judgment is affirmed.